**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4376**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT BRADLEY LOCKHART,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Michael F. Urbanski, Chief District Judge.  (5:19-cr-00020-MFU-JCH-1)

Submitted:  July 12, 2023                                      Decided:  July 25, 2023

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Dennis E. Jones, DENNIS E. JONES, PLC, Abingdon, Virginia, for Appellant. S. Cagle Juhan, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Robert Bradley Lockhart of conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and possession with intent to distribute heroin resulting in serious bodily injury, in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(C).  The district court sentenced Lockhart to 20 years' imprisonment and he now appeals.  On appeal, Lockhart's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court should have granted Lockhart's motion for judgment of acquittal under Fed. R. Crim. P. 29. Although informed of his right to do so, Lockhart has not filed a pro se supplemental brief. For the following reasons, we affirm Lockhart's convictions, vacate his sentence, and remand for resentencing.

"We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018).  In assessing the sufficiency of the evidence, we decide whether there is substantial evidence to support the convictions when viewed in the light most favorable to the government.  *Id.*  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up).  In making this determination, we do not resolve conflicts in the evidence or evaluate the credibility of witnesses.  *Savage*, 885 F.3d at 219.  "A defendant who brings a sufficiency challenge

2

bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

In order to convict Lockhart of the drug conspiracy under § 846, the Government had to demonstrate: (1) an agreement between Lockhart and one or more persons to distribute and possess with intent to distribute heroin; (2) that Lockhart knew of the conspiracy; and (3) that Lockhart knowingly and voluntarily became a part of the conspiracy. *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020). The Government also had to demonstrate that Lockhart could have reasonably foreseen that the conspiracy would involve 100 grams or more of heroin. *United States v. Brooks*, 524 F.3d 549, 558 (4th Cir. 2008). For a conviction under § 841(a) for possession with intent to distribute heroin resulting in serious bodily injury, the Government had to prove that Lockhart knowingly possessed heroin with the intent to distribute it and that serious bodily injury resulted from the use of that heroin. *See United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 1999); *see also United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022). Serious bodily injury means bodily injury involving a substantial risk of death. 21 U.S.C. § 802(25).

We have thoroughly reviewed the record and conclude that the district court did not err in denying Lockhart's Rule 29 motion. The Government presented several witnesses who testified to Lockhart's drug distribution and activities in the conspiracy, including the amount of heroin involved over the course of the conspiracy. With respect to the substantive possession count, the Government demonstrated that Lockhart provided heroin to the victim, who used that heroin and suffered an overdose. The victim was revived on

the side of the road by first responders and transported to the hospital for treatment. While the Government's expert and witnesses who responded to the scene of the overdose opined that the victim faced a substantial risk of death from the overdose, Lockhart provided the testimony of an expert who disagreed regarding the severity of the overdose. Although this testimony was conflicting, "[c]redibility determinations are within the sole province of the jury and are not susceptible to judicial review." *Robinson*, 55 F.4th at 404 (internal quotation marks omitted). The Government demonstrated sufficient evidence from which a reasonable jury could conclude that the victim was at a substantial risk of death, and the district court thus correctly denied Lockhart's motion for a judgment of acquittal.

With respect to the sentence, however, the criminal judgment lists 13 standard conditions of supervised release that the district court did not orally pronounce at the sentencing hearing or state that it was incorporating into the judgment, and the court did not explain its reasons for imposing these special conditions of supervised release. A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *United States v. Singletary*, we explained that "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been 'imposed' on the defendant." 984 F.3d 341, 345 (4th Cir. 2021). In situations such as Lockhart's, where the district court fails to announce or otherwise incorporate the discretionary conditions of

4

supervised release, the appropriate remedy is to vacate the entire sentence and remand for a full resentencing hearing. *See id.* at 346 & n.4. We therefore do not address the procedural and substantive reasonableness of the sentence at this time. *See id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We thus affirm Lockhart's convictions, but vacate the sentence and remand for resentencing. This court requires that counsel inform Lockhart, in writing, of the right to petition the Supreme Court of the United States for further review. If Lockhart requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lockhart.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*